IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES CARLIN,

    Petitioner,

v.

ROBERT WONG, Acting Warden,

    Respondent.

No. C 06-04145 SI

**ORDER TO SHOW CAUSE**

## INTRODUCTION

James Carlin, an inmate at San Quentin, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner also seeks appointment of counsel, and states that an application to proceed *in forma pauperis* will be forthcoming.[1]

## BACKGROUND

Carlin was convicted in San Francisco County Superior Court of murder in the second degree and use of a firearm, and was sentenced to a term of "15 years to life consecutive to two-year determinate" in prison. Petition at 2. The petition does not challenge the conviction but instead challenges a decision by the Board of Prison Terms ("BPT") at a December 2003 hearing finding petitioner not suitable for parole. Carlin has attached to the petition copies of state court decisions denying his state habeas petitions.

---

[1] The petition states that petitioner is currently represented by counsel, but that such representation has been without fee. Petition at 29.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Carlin alleges that the BPT's decision was arbitrary, unsupported by evidence and that the BPT is a biased decision-maker improperly denying parole on a routine basis. Liberally construed, the allegations state cognizable claims for due process violations. *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *Biggs v. Terhune*, 334 F.3d 910, 915-16 (9th Cir. 2003); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

Carlin also alleges that the denial of parole violates his right to be free of cruel and unusual punishment. The Court concludes that this claim lacks merit and should be dismissed. As a general matter, as long as an inmate's sentence does not exceed the statutory maximum – which here would be life – it will not be overturned on Eighth Amendment grounds. *See Belgarde v. Montana*, 123 F.3d 1210, 1215 (9th Cir. 1997); *see also United States v. Harris*, 154 F.3d 1083, 1084 (9th Cir. 1998) ("'[a] sentence which is within the limits set by a valid statute may not be overturned on appeal as cruel and unusual.'"). Furthermore, an inmate has no constitutional right to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979); *Bergen v. Spaulding*, 881 F.2d 719, 721 (9th Cir. 1989). The Ninth Circuit has rejected a cruel and unusual punishment claim brought by an inmate whose parole release was extended by nine months. *See Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985).

The Court will rule on petitioner's request for appointment of counsel after submission of an *in forma pauperis* form.

**CONCLUSION**

For the foregoing reasons,

1. The due process claims in the petition warrant a response from respondent. Petitioner's cruel and unusual punishment claim is dismissed.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondents and respondents' attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondents must file and serve upon petitioner, on or before **September 18, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondents must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondents on or before **October 18, 2006**.

**IT IS SO ORDERED.**

Dated: July 24, 2006

SUSAN ILLSTON
United States District Judge