IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES CARLIN,

    Petitioner,

v.

ROBERT WONG, Acting Warden,

    Respondent.

No. C 06-4145 SI

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**

Petitioner James Carlin, an inmate in San Quentin State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Robert Wong, Acting Warden of San Quentin, has moved to dismiss the petition as untimely. For the reasons set forth below, the Court DENIES respondent's motion to dismiss.

**BACKGROUND**

On September 5, 1980, after a trial in San Francisco County Superior Court, a jury found petitioner James Carlin guilty of murder in the second degree and use of a firearm, for which he was sentenced to a term of "15 years to life consecutive to two-year determinate" in prison. Petition at 2. Petitioner went before the Board of Prison Terms ("Board") for a parole hearing in December, 2003. The Board denied parole, stating that petitioner "poses an unreasonable risk of danger to others" if paroled. Petition at 13-17. The instant petition challenges the Board's denial as a violation of petitioner's due process rights and a violation his right to be free from cruel and unusual punishment.

The Board's decision became final on March 14, 2004, and petitioner timely filed an administrative appeal. Petitioner's Opposition at 3. The Board did not respond to the appeal, and

petitioner filed a petition for a writ of habeas corpus in San Francisco Superior Court on August 26, 2004. *Id*. The Superior Court denied the petition on December 14, 2004. Petition at 3. Petitioner filed a second Superior Court petition for a writ of habeas corpus on January 27, 2005, which was denied on March 24, 2005. *Id.* Petitioner then filed a petition for a writ of habeas corpus in the California Court of Appeal on September 9, 2005; the court summarily denied the petition on September 15, 2005. *Id.* at 3-4. On September 26, 2005, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was summarily denied on December 14, 2005. *Id.* at 4.

Petitioner filed a petition for a writ of habeas corpus in this Court on July 3, 2006. Respondent has moved to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244.

## DISCUSSION

### I.   AEDPA applies to this action

Petitioner contends that AEDPA's statute of limitations does not apply to his petition because he is seeking relief from an administrative action, not a court action. Petitioner correctly notes a split among the federal courts of appeals on the question of whether AEDPA's statute of limitations applies to petitions challenging administrative actions, and that the Supreme Court has yet to address the issue. However, the Ninth Circuit has held that AEDPA governs all habeas petitions "even if the petition challenges an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1065 (9th Cir. 2004). This Court is bound by the decisions of the Ninth Circuit Court of Appeals in the absence of Supreme Court decisions to the contrary, *see Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000), and accordingly the Court holds that AEDPA's statute of limitations applies to this petition.

### II.   Commencement of the statute of limitations

Pursuant to AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an

2

impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

Citing *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003), petitioner contends that the statute of limitations never commenced because he did not receive a response to his administrative appeal. In *Redd*, a habeas petitioner challenged the Board's denial of parole, and argued that the limitations period should only begin to run once state habeas proceedings have been exhausted. The Ninth Circuit disagreed, and held that the limitations period began under 28 U.S.C. § 2244(d)(1)(D) when the petitioner "could have learned of the factual basis for his claim through the exercise of due diligence," which, in *Redd*, occurred when the Board denied Redd's administrative appeal. *Id.* at 1082. *Redd* does not hold that the limitations period is only triggered by the Board's denial of an administrative appeal; rather, *Redd* instructs that the limitations period begins once the petitioner learns of the "factual predicate" of the claim. *See id.* at 1082.

Here, it is clear that petitioner discovered the factual predicate of the claim by August 26, 2004 at the latest, when petitioner filed his initial petition for a writ of habeas corpus in the Superior Court. The Board's failure to respond to petitioner's administrative appeal does not negate the fact that by August 26, 2004, petitioner was on notice of the factual basis for his claim. Accordingly, the Court concludes that the statute of limitations commenced on August 26, 2004, the date on which petitioner filed his initial petition for a writ of habeas corpus.

### III. Tolling the statute of limitations

AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" towards the statute of limitations. 28 U.S.C. § 2244(d)(2). "Pending" in § 2244(d)(2) refers not only to the time the petition was actually on file with the court, but also to any "reasonable time" between petitioner's receiving a lower state court decision and filing an original writ of habeas corpus

in a higher state court. *See Carey v. Saffold*, 536 U.S. 214, 219-25 (2002). Thus, where a petitioner files successive petitions for a writ of habeas corpus at all levels of state court, all of the time between the filing of the first petition in the Superior Court and the denial by the State Supreme Court should be tolled under AEDPA so long as the petitioner has not unreasonably delayed. *See id.* at 222-23.

### A. Tolling while petitions were pending in court

Petitioner filed four petitions for state habeas review: San Francisco Superior Court (August 26, 2004); San Francisco Superior Court (January 27, 2005); Court of Appeal, First Appellate District, Division Four (September 9, 2005); and the Supreme Court of California (September 26, 2005). The time during which each of these petitions was pending shall not count towards the statute of limitations so long as the petitions were properly filed. *See Jenkins v. Johnson*, 330 F.3d 1146, 1154 (9th Cir. 2003). Whether the petitions were pending for tolling purposes depends on whether petitioner invoked a procedure "available" to him under state law. *See id*. Pursuant to this standard, there is no question that the first Superior Court petition, the Court of Appeal petition and the Supreme Court of California petition were properly filed. *See id.*

Respondent contends that the second Superior Court petition began a separate and distinct round of collateral review, and thus the time during which this petition was pending should not be tolled. The Court disagrees because it appears that the second petition requested the Superior Court to address an issue that had been raised in the first petition. *Cf. Gatson v. Palmer*, 447 F.3d 1165, 1166 (9th Cir. 2006) (petitioner's unrelated state-law claims are disregarded for purposes of tolling). The Court concludes that petitioner did not pursue a separate and distinct round of collateral review when he filed the second petition, and thus tolls the time during which each of petitioner's four petitions was pending in state court.

### B. Tolling "reasonable time" between denial and petition to a higher court

California does not provide for direct appeal of Board decisions, so a state prisoner may only challenge a denial of parole collaterally by means of a state habeas corpus petition. *See Redd*, 343 F.3d at 1079. Unlike many other states which provide for habeas review through an appellate system

4

governed by specific time limits, California has an "original writ" system in which prisoners may file original habeas petitions in each court, and simply requires a petition in a higher court to be filed in a "reasonable time" after a lower court denial. *See Evans v. Chavis*, 546 U.S. 189, 126 S. Ct. 846, 852-54 (2006); *see also Carey v. Saffold*, 536 U.S. 214, 221-22 (2002). In evaluating what time should be tolled, "[t]he federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Chavis*, 126 S. Ct. at 852. This determination must be guided by "*the assumption* that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate guidelines." *Id*. at 848 (emphasis in original) (quoting *Saffold*, 536 U.S. at 222-23).

Forty-four days after the first Superior Court denial, petitioner filed the second Superior Court petition. In many states, a notice of appeal must be filed within 30 or 45 days after notice of entry of the trial court's judgment. *See Saffold*, 536 U.S. at 219. Therefore, the Court finds that 44 days is a "reasonable" interval. Similarly, the time between the Court of Appeal denial and petitioner's petition in the Supreme Court of California – 10 days – is "reasonable." *See id.*; *see also* Cal. Rules of Court, Rule 8.500(e)(1) (petition for review to California Supreme Court must be filed within 10 days).

The question is whether petitioner's 169 day delay between receiving the second Superior Court denial and filing his petition in the Court of Appeal is reasonable. As discussed in subsection C, *infra*, the Court finds that the time period between receiving the California Supreme Court's denial and the filing of the instant petition counts toward the statute of limitations. As a result, at least 4 of the 169 days must be tolled in order for petitioner's petition to be timely; if none of the 169 days are tolled, the instant petition was filed 4 days past the 1 year statute of limitations. *Chavis* and *Evans* instruct courts to evaluate the reasonableness of a delay by comparing the delay against comparable determinate guidelines. California requires that appeals of superior court decisions be filed within 60 days. *See* Cal. Rules of Court 8.104(a). If petitioner had filed his petition in the Court of Appeal within 60 days this Court would very likely find such a delay reasonable; the Court would certainly find a 10 day delay reasonable. *See Chavis*, 546 U.S. at 854; *Saffold*, 536 U.S. at 219. Accordingly, the Court tolls 10 of the 169 days.

5

### C. 90-day tolling after California Supreme Court denial

Citing *Bowen v. Rowe*, 188 F.3d 1157 (9th Cir. 1999), petitioner argues that the statute of limitations should not include 90 days after the California Supreme Court denial. *Bowen* is inapposite, however, because *Bowen* involves determining when a state court judgment is "final" for purposes of collateral attack. In *Bowen*, a state prisoner challenged his conviction on direct appeal through the state courts, and then filed a federal habeas action more than one year after the California Supreme Court denied the direct appeal. The Ninth Circuit held that "the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen*, 188 F.3d at 1158-59. Thus, after *Bowen*, the statute of limitations under § 2244(d)(1)(A) begins to run after that 90 period has expired.

Here, petitioner is challenging a parole denial, not a "judgment [which] became final after the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A); *see also Redd*, 343 F.3d at 1081 ("We agree that the word 'judgment' in subparagraph (A) refers to the judgment of conviction and sentence and that the words 'direct review' refer to the direct appellate review of that judgment. We therefore reject Redd's apparent argument that 'judgment' refers to the Board's denial of Redd's administrative appeal and that 'direct review' refers to state collateral review."). Accordingly, *Bowen* does not apply, and the statute of limitations began to run again on December 15, 2005, the day after petitioner's writ was denied by the California Supreme Court.[1]

### D. Summary of time counted against AEDPA's statute of limitations

AEDPA's statute of limitations began to run on August 26, 2004, when petitioner filed his initial petition for a writ of habeas corpus in San Francisco Superior Court. The statute of limitations was tolled for the pendency of petitioner's state-court actions, with the exception 159 days between the

---

[1] A California Supreme Court denial of a petition of a writ of habeas corpus, without issuance of an alternative writ to show cause, is deemed final on the day of filing. *See* California Rule of Court 8.532(b).

6

second Superior Court order and petitioner's subsequent filing in the Court of Appeal. The 159 days not tolled during the pendency of petitioner's state-court actions must be added to the 200 days that elapsed from December 15, 2005 – the day after California Supreme Court's denial of the petition for a writ of habeas corpus – and petitioner's July 3, 2006 petition for a writ of habeas corpus in this Court, for a total of 359 days. Because the Court finds that the instant petition was timely filed, the Court does not reach the parties' arguments about equitable tolling.

## CONCLUSION

For the foregoing reasons, the Court DENIES respondent's motion to dismiss the petition as untimely. (Docket No. 10).

Respondent must file and serve upon petitioner, on or before **March 16, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **April 16, 2007**.

**IT IS SO ORDERED.**

Dated: February 24, 2007

SUSAN ILLSTON
United States District Judge

7