UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARLIN, | No. C 06-4145 SI |
| Petitioner, | **ORDER TO RELEASE PETITIONER** |
| v. | |
| ROBERT WONG, Acting Warden, | |
| Respondent. | |

On March 17, 2008, this Court granted James Carlin's ("Carlin") petition for a writ of habeas corpus. The Court directed the parties to submit briefing on the appropriate remedy. Having reviewed the parties' papers, the Court hereby ORDERS respondent to release petitioner from custody within fourteen days of the date of this order.

**BACKGROUND**

On October 10, 1980, a jury convicted Carlin of second degree murder and he was sentenced to seventeen years to life in prison. On December 15, 2003, at Carlin's eleventh parole hearing, the Board of Parole Hearings ("the Board") found that Carlin posed an unreasonable risk of danger to society or threat to public safety and denied him parole. After exhausting state remedies, Carlin filed his federal petition for a writ of habeas corpus, asserting that the Board's denial violated his right to due process. On March 17, 2008, after carefully reviewing the entire record that was before the Board, the Court found that the Board violated Carlin's due process rights by relying on unchanging factors that do not constitute evidence of Carlin's present threat to society if released, and by relying on factors without any evidentiary support in the record. The Court granted Carlin's petition, and directed the parties to brief the issue of the appropriate remedy.

On March 25, 2008, at Carlin's fifteenth parole hearing, the Board granted Carlin parole. The record on which the Board relied shows that Carlin has not had any rules violation reports or other disciplinary action since his 2003 board hearing. Littlefield Decl. ¶ 6, Ex. A at 14, 17, 19, 27. Carlin's post-2003 psychiatric evaluations and correctional counselor's reports were consistent with prior reports finding that Carlin posed a low risk of danger to society. *Id.* ¶¶ 6-7, Ex. A at 9-10, 28. Since 2003, Carlin has continued to participate in self help including Alcoholics Anonymous, Narcotics Anonymous, academic classes, and assisting other prisoners. *Id*. ¶ 6, Ex A. at 9, 25-26, 30. Carlin's future plans for residence and employment have remained essentially the same since 2003, with two additional offers of employment from his current and former attorneys, and an additional option for residence with his current attorney. *Id*. ¶ 4, Ex. A. at 31-35. The judge who presided over Carlin's criminal case, now-retired Justice Hanlon, also submitted a letter "wholeheartedly endors[ing]" Carlin's parole. *Id*. ¶ 5, Ex. B.

On March 27, 2008, the Board calculated a parole date of February 9, 1993 by applying earned post-conviction credits and pre-sentence credits. *Id*. ¶ 8, Ex. C. Upon release, Carlin's parole period is five years. *Id.*, Ex. D. The Board's grant of parole is subject to review by the Parole Review Board and the Governor of the State of California before it becomes final. This review period lasts 150 days.

**DISCUSSION**

Petitioner contends that the Court should order his immediate release from prison, and that the Court should grant equitable relief by crediting to his parole period the time he has been unconstitutionally incarcerated, e.g, all time since December 15, 2003. Respondent argues that the Court does not have the authority to order petitioner released. Respondent argues that the Court should not consider the fact that the Board granted Carlin parole in March 2008, and instead should vacate the Board's 2003 denial and order a new hearing.[1] Alternatively, respondent argues that if the Court does

---

[1] Respondent requests that the Court disregard the portions of petitioner's brief addressing events that occurred after the Board's December 15, 2003 denial of parole. However, respondent does not dispute any of the evidence attached to the Littlefield Declaration, and respondent acknowledges that the Board granted petitioner parole at the March 2008 hearing. The Court finds that the March 2008 grant of parole is relevant to fashioning a remedy, and accordingly the Court will consider the Littlefield Declaration and supporting exhibits.

1 consider the Board's 2008 grant of parole, it should view the 2008 parole hearing as the appropriate
2 remedy and allow the review process to run its course. Respondent argues that the Court should not
3 order petitioner's immediate release because to do so would improperly interfere with the pending
4 administrative review process and deprive the Governor of his constitutional right to review parole
5 decisions for murderers.

6 The Court has the authority to release a state prisoner after granting a writ of habeas corpus.
7 "The federal court's authority to release a state prisoner on recognizance or surety in the course of a
8 habeas corpus proceeding derives from the power to issue the writ itself." *Marino v. Vasquez*, 812 F.2d
9 499, 507 (9th Cir. 1987) (affirming district court's grant of bail to a state prisoner who had been
10 awarded conditional habeas corpus relief); *see In re Roe*, 257 F.3d 1077, 1079 (9th Cir. 2001). The
11 Court finds that on this record, it is in the interest of justice that petitioner be immediately released.

12 More fundamentally, remanding the matter for a new hearing would be futile and unnecessary
13 given the Board's recent grant of parole. After examining the complete record that was before the Board
14 in 2003 and of the transcripts from the 2003 parole hearing, the Court determined there was no evidence
15 to support a denial of parole. The Board's subsequent grant of parole in 2008, as well as the record that
16 was before the Board in 2008, show that there has been no new evidence since December 15, 2003 that
17 Carlin would pose an unreasonable risk of danger to society if released. Accordingly, there remains no
18 evidence to support a denial of parole and remand to the Board for a new determination would be futile,
19 as would any review proceedings. *See McQuillion v. Duncan*, 342 F.3d 1012, 1015-16 (9th Cir. 2003)
20 (noting that an order of immediate release does not meaningfully deprive the Governor of his power to
21 review where no evidence in the record supported the Board's determination that the petitioner was not
22 suitable for parole); *Martin v. Marshall*, 448 F. Supp. 2d 1143, 1145 (N.D. Cal. 2006) (ordering release
23 of petitioner when remand to Board to either release petitioner or grant him a new parole review would
24 have been futile and unfair because denial of parole was made on the basis of the same record which
25 district court had found to be insufficient); *Rosenkrantz v. Marshall*, 444 F. Supp. 2d 1063, 1087 (C.D.
26 Cal. 2006) (ordering release of prisoner when Board's reversal of parole grant was not supported by
27 "some evidence," dates for parole had previously been set and long since passed, and petitioner had not
28 committed any violent acts since his last parole hearing); *Thomas v. Brown*, 513 F. Supp. 2d 1124, 1136-

37 (N.D. Cal. 2006) (ordering immediate release of prisoner when Governor's decision to reverse parole grant was not supported by "some evidence," the Board had already set a term for release, and the release date had passed).

Finally, the Court finds that the actual surplus time that petitioner has been incarcerated beyond his parole date should be credited toward his post-release parole period.[2] *See McQuillion*, 342 F.3d at 1015 (releasing petitioner without an accompanying three-year period of parole because had petitioner been released on time, the parole period would have already expired); *Martin*, 448 F. Supp. 2d at 1145; *see also In re Bush*, 161 Cal. App. 4th 133, 143 n.4 (2008). Here, petitioner is entitled to credit against his parole period for his time in confinement that was in violation of his due process rights. Had respondent not violated petitioner's due process rights by denying parole on December 15, 2003, petitioner would have been released when the parole suitability determination became final after the 150 day review period. *See id.* at 144-45. Petitioner's parole decision would have become final on May 14, 2004. Accordingly, the Court finds that the time petitioner has been incarcerated beyond May 14, 2004 should be credited toward his post-release parole period.

## CONCLUSION

For the foregoing reasons, the Court orders respondent to release James Carlin from custody within fourteen days of the date of this order.[3] Within twenty days of the date of this order, respondent must file a notice with the court confirming the date on which Carlin was released. The Court further orders that the time Carlin has been incarcerated beyond May 14, 2004 be credited toward his post-release parole period.

**IT IS SO ORDERED.**

Dated: August 4, 2008

SUSAN ILLSTON
United States District Judge

---

[2] Although the parole date set by the Board is February 9, 1993, petitioner cannot be credited for time served from this date because he had not been found suitable for parole at that time. *See In re Bush*, 161 Cal. App. 4th 133, 143 (2008).

[3] Respondent's motion to stay this matter pending issuance of the mandate in *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008) is denied.

4