FILED

JUN 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES CARLIN, <br><br> Petitioner - Appellee, <br><br> v. <br><br> VINCE CULLEN, Acting Warden, <br><br> Respondent - Appellant. | No. 08-16813 <br><br> D.C. No. 3:06-cv-04145-SI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Warden Vince Cullen appeals from the district court's grant of James Carlin's 28 U.S.C. § 2254 petition for habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we reverse and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court granted Carlin relief on the ground that the state courts had unreasonably applied clearly established federal law concerning due process, by failing to satisfy California's "some evidence" standard. While this appeal was pending, the Supreme Court decided *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam). In that case, the Court held that "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. We accordingly reverse the grant of relief.

Carlin argues that reversal is not required because the federal Constitution requires a showing of some evidence of future dangerousness before states can deny parole, and such evidence was lacking here. This contention is foreclosed. *See id.* at 862-63; *Pearson v. Muntz*, __ F.3d __, 2011 WL 1238007, at *5 (9th Cir. Apr. 5, 2011).

We remand for further proceedings on Carlin's remaining claims.[1]

**REVERSED and REMANDED.**

---

[1] As the district court correctly held, Carlin's petition is timely. The statute of limitations was triggered on the date his administrative appeal was denied. *See Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003). Applying statutory tolling to the period of time during which his state petitions were pending after that date, and gap tolling to the short period of time between his petitions, his federal petition is timely. *See* 28 U.S.C. § 2244(d)(1).