IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARLIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ROBERT WONG, Acting Warden,<br><br>　　　　Respondent.　　　　　　　／ | No. C 06-4145 SI<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY** |

Respondent's motion to dismiss is scheduled for a hearing on November 18, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS respondent's motion to dismiss and DENIES a certificate of appealability.

**DISCUSSION**

**I.     Respondent's motion to dismiss**

Petitioner's sole remaining claim is that his due process rights were violated at his December 15, 2003 parole consideration hearing because the Board improperly denied parole on a routine basis contrary to California Penal Code § 3041. Respondent has moved to dismiss this claim, contending that it is foreclosed by the Supreme Court's decision in *Swarthout v. Cooke*, 562 U.S. ___, 131 S. Ct. 859 (2011) (per curiam). The Court agrees.

In *Cooke*, the Supreme Court held that a California prisoner receives adequate process when the Board of Prison Terms allows him an opportunity to be heard and provides him with a statement of the reasons why parole was denied. *Cooke*, 131 S. Ct. at 862. Petitioner's claim that the Board improperly

denied parole on a routine basis would require the Court to look beyond the question of whether petitioner received constitutionally adequate procedures, and thus it is foreclosed by *Cooke*. *See Cooke*, 131 S. Ct. at 863 ("Because the only federal right at issue is procedural, the relevant inquiry is what process Cooke and Clay received, not whether the state court decided the case correctly. . . . [T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."); *see also Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011) ("[T]here is no substantive due process right created by California's parole scheme. If the state affords the procedural protections required by *Greenholtz* and *Cooke*, that is the end of the matter for purposes of the Due Process Clause."); *Pearson v. Muntz*, 639 F.3d 1185, 1191 (9th Cir. 2011) ("*Cooke* was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, that should be the beginning and the end of the inquiry into whether the inmate received due process.") (internal quotation marks and alterations omitted).

Accordingly, the Court GRANTS respondent's motion to dismiss. Docket No. 54.

## II. Certificate of appealability

The Court denies a certificate of appealability. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam) and *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011), it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 413, 484 (2000).

**IT IS SO ORDERED.**

Dated: November 9, 2011

SUSAN ILLSTON
United States District Judge